UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Doucette,

       Plaintiff,

v.                            Civil Case No. 16-11809

Jeh Charles Johnson,       Sean F. Cox
                                 United States District Court Judge

       Defendant.

_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff filed this action, alleging that his employer, the Department of Homeland Security, violated the Family Medical Leave Act. The matter is currently before the Court on Defendant's Motion to Dismiss. Defendant's motion asks the Court to dismiss this action because Plaintiff is covered under Title II of the Family Medical Leave Act, which does not authorize private lawsuits for its violations, and this Court therefore lacks subject matter jurisdiction over this action. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. As set forth below, the Court shall GRANT the motion and DISMISS this action for lack of subject matter jurisdiction.

**BACKGROUND**

Acting through Counsel, on May 20, 2016, Plaintiff John Douchette ("Plaintiff") filed this action against Defendant Jeh Charles Johnson, Secretary, Department of Homeland Security

("Defendant").  Plaintiff's Complaint asserts a claim under the Family and Medical Leave Act of 1993 ("the FMLA").

On October 28, 2016, Defendant filed a "Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1)," wherein Defendant asserts that this action must be dismissed for lack of subject matter jurisdiction because 29 U.S.C. § 2611 does not provide a private cause of action to a federal employee as defined by 5 U.S.C. § 2105 (ie., a federal civil service employee).

## ANALYSIS

### I.   Standard Of Decision

Defendant's motion is brought under Fed. R. Civ. P. 12(b)(1), which provides for the dismissal of an action for lack of subject matter jurisdiction.  As explained by the Sixth Circuit, subject-matter-jurisdiction challenges under Fed. R. Civ. P. 12(b)(1) come in two varieties: a facial attack and a factual attack.  *Wayside Church v. Van Burden Cty.*, __ F. 3d __, 2017 WL 541008 at *2 (6th Cir. Feb. 10, 2017) (citations omitted).  Here, Defendant makes both types of attacks.

A facial attack "questions merely the sufficiency of the pleading." *Id.*  "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis.*" Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).

"A factual attack, on the other hand, raises a factual controversy requiring the district court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist." *Wayside Church, supra*.  "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject

2

matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Cartwright,* 751 F.3d at 759-60. Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Id.*

### A. Plaintiff's Complaint

Plaintiff alleges that his employer, the Department of Homeland Security, violated the FMLA. Plaintiff's Complaint seeks relief under Title I of the FMLA. (*See* Compl. at ¶ 1, "[t]his suit is brought pursuant to . . . the Family and Medical Leave Act of 1993 (FMLA), *29 USC 2601 et seq.*") (emphasis added).

Plaintiff alleges that he began employment with Defendant on or about October 13, 2002. (Compl. at ¶ 5). He alleges that his "job title at all times was Transportation Security Officer (TSO), SV-1 802 (Band-E)." (*Id.* at ¶ 7). Plaintiff alleges that he was discharged from his employment with Defendant on or about May 12, 2014. (*Id.* at ¶ 6).

Plaintiff seeks monetary damages, backpay, and reinstatement.

### B. Evidence Outside The Pleadings

Along with its motion, Defendant filed the Offer and Appointment Affidavit pertaining to Plaintiff's hiring. (D.E. No. 8-1). It reflects that Plaintiff was offered an appointment as a Transportation Security Screener in the Department of Transportation, Transportation Security Administration, and accepted that appointment on October 13, 2002. The appointment was for a "period not to exceed five years."

In opposing Defendant's Motion, Plaintiff attached a February 24, 2014 letter from the Transportation Security Administration that stated that Plaintiff's request for FMLA leave had

been granted.  (D.E. No. 11-1).

Plaintiff also submitted a January 27, 2015 "Final Agency Decision" from the United States Department of Homeland Security, wherein the U.S. Department of Homeland Security Office for Civil Rights and Civil Liberties concluded that Plaintiff failed to prove that the TSA had discriminated against Plaintiff.  (D.E. No. 11-3).

Plaintiff also attached a document that Plaintiff states was printed off a "TSA website," which references an "Interchange Agreement."  (D.E. No. 11-2).  Plaintiff states that while the website has a link to it, the link is not operational.  Plaintiff asserts that the Interchange Agreement "may shed light on the status of Plaintiff's employment."  (Pl.'s Br. at 4).

Along with its Reply Brief, Defendant filed a copy of the Interchange Agreement that Plaintiff was looking to obtain.  (D.E. No. 13-1).

## II.    Defendant's Motion To Dismiss

Defendant's Motion to Dismiss raises both a facial challenge and a factual challenge to subject matter jurisdiction.

### A.    Facial Challenge

In its Motion, Defendant contends that Plaintiff's complaint should be dismissed because: 1) while Title I of the FMLA provides a private cause of action, Title II does not; and 2) Plaintiff fails to allege facts to demonstrate that he was a Title I employee.

"Title I of the FMLA applies to private sector employees.  *See* 29 U.S.C. § 2611(2)(B)(I). Conversely, 'most employees of the federal government to whom the FMLA applies . . . are governed by Title II of the FMLA."  *Cavicchi v. Secretary of Treasury*, 2004 WL 4917357 at * 6 (11th Cir. 2004) (citing *Mann v. Hugh*, 120 F.3d 34, 36 (4th Cir. 1997)).

4

"Title II of the FMLA, 5 U.S.C. § 6381 *et seq*. governs leave for federal civil service employees with more than twelve months of service; Title I, 29 U.S.C. § 2601 *et seq*., governs leave for private employees and federal employees not covered by Title II." *Russell v. U.S. Dept. of the Army*, 191 F.3d 1016, 1018 (9th Cir. 1999). As the Ninth Circuit more precisely explained:

> Through a series of nested definitions, an employee under Title II of the FMLA includes "an individual who is appointed in the civil service by . . . a member of a uniformed service [or an individual who is an employee under Section 2105]" 5 U.S.C. § 2105(a)(1)(C)[and (D)], who "has completed at least 12 months of service as an employee," *id*. § 6381(1)(B); *see also id*. § 6381(1)(A) (defining employee under Title II of the FMLA by reference to § 6301(2); *id*. § 6301(2) (defining employee under FMLA by reference to § 2105).

*Id*. at 1018 n.1.

"While Title I and Title II employees under the FMLA are afforded equivalent rights to leave time, Title I expressly provides a right of action to remedy employer action violating FMLA rights. *See* 29 U.S.C. § 2617(a)(2). Title II contains no analogous provision." *Russell*, 191 F.3d at 1018.

Accordingly, at least three circuits (the Fourth, Ninth, and Eleventh), and the United States District Court for the Eastern District of Michigan, have held that federal employees covered by Title II may not bring lawsuits based on FMLA violations. *Russell*, 191 F.3d at 1018-19; *Mann*, 120 F.3d at 37; *Cavicchi, supra,* at * 6; *Sutherland v. Bowles*, 1995 WL 367937 at * 2 (E.D. Mich., J. Cohn 1995). "Instead of bringing a civil action, a federal employee covered by Title II of the FMLA seeking to redress a violation of the FMLA must file an administrative grievance." *Sutherland, supra*, at * 2.

"Because Title II does not create a private right of action or waive federal sovereign

immunity," Plaintiff's "suit must be dismissed if he is covered by Title II rather than Title I." *Sutherland, supra*, at *2.

Here, Plaintiff's Complaint seeks relief under Title I of the FMLA. (*See* Compl. at ¶ 1, "[t]his suit is brought pursuant to . . . the Family and Medical Leave Act of 1993 (FMLA), *29 USC 2601 et seq.*") (emphasis added). In seeking dismissal, Defendant asserts Plaintiff has not alleged sufficient facts to establish that he was employed under Title I:

> Looking at the four corners of the Complaint, Plaintiff fails to allege facts
> sufficient to establish subject matter jurisdiction. As a federal employee, Plaintiff
> was either covered by Title I or Title II for purposes of the FMLA, and only Title
> I provides him a private right of action. *Sutherland,* 1995 WL 367937, *2.
> Because Plaintiff does not allege facts demonstrating that he was covered by Title
> I (i.e., that he was not in the federal civil service), he fails to allege a basis for
> subject matter jurisdiction and his claim should be dismissed.

(Def.'s Br. at 7-8).

In responding to Defendant's motion, Plaintiff asserts that it should be denied for three reasons: "1) Plaintiff's employment status is not what Defendant argues it to be, and Plaintiff is not excluded from FMLA coverage; 2) Defendant has waived sovereign immunity; and 3) at the very least, the Court should defer ruling on the issues presented by Defendant until Plaintiff has had a chance to explore the facts through discovery." (Pl.'s Br. at 2). But all of those arguments to go Defendant's *factual* challenge. Plaintiff's brief does not respond to Defendant's *facial* challenge – that Plaintiff's Complaint fails to allege facts that demonstrate that Plaintiff was covered by Title I.

"[W]here subject matter jurisdiction is challenged under Rule 12(b)(1), as it [is] here, the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (emphasis in original). Plaintiff has

6

failed to meet that burden here as to Defendant's facial attack, which he simply ignored. Moreover, the Court agrees with Defendant that there are no facts alleged in Plaintiff's complaint that would establish that he is covered under Title I, as Plaintiff alleges that he worked for the Department of Homeland Security, as a Transportation Security Officer, and that his employment was for more than a year.

### B.     Factual Challenge

In disputing Defendant's *factual* challenge to subject matter jurisdiction, Plaintiff asserts that: "1) Plaintiff's employment status is not what Defendant argues it to be, and Plaintiff is not excluded from FMLA coverage; 2) Defendant has waived sovereign immunity; and 3) at the very least, the Court should defer ruling on the issues presented by Defendant until Plaintiff has had a chance to explore the facts through discovery."  (Pl.'s Br. at 2).

#### 1.     Discovery Needed

In his response, Plaintiff asserts that the Court should defer ruling on the issues presented by Defendant until Plaintiff has had a chance to explore the facts through discovery.  (Pl.'s Br. at 2).  Specifically, Plaintiff directs the Court to an "Interchange Agreement" that is referenced on a TSA website.  (Pl.'s Br. at 4).  But, along with its Reply Brief, Defendant attached the Interchange Agreement that Plaintiff's Counsel wished to see and explained why it does not aid Plaintiff.  (*See* Def.'s Reply Br. at 4, explaining that the agreement simply allows employees to be appointed between the competitive and excepted service).  Plaintiff has not identified any other discovery that he would need in order to respond to the motion or establish whether he is covered under Title I or Title II.

2.      **Plaintiff's Actual Status**

With respect to his actual status, Plaintiff's brief asserts that "[a]s a Transportation

Security Administration (TSA) employee, *Plaintiff is in the Excepted Service, which is distinct*

*from the Civil Service* and which is not governed by Title 5 of the U.S. Code.  As such, Plaintiff

is not excluded under the FMLA's definitions of eligible employees, and therefore has a right to

bring an action in federal court against Defendant." (Pl.'s Resp. Br. at 2) (emphasis added).

As Defendant notes in its Reply, Plaintiff offers no legal authority to support his position

that being in excepted service is somehow distinct from being in the civil service.  Defendant

explains why Plaintiff's argument must be rejected:

> The federal civil service covers both employees in the competitive service and the
> excepted service.  *See* 5 U.S.C. § 2101(1) ("the 'civil service' consists of all
> appointive positions in the executive, judicial, and legislative branches of the
> Government of the United States, except positions in the uniformed services").
> Both competitive and excepted service are statutorily defined to be within the
> civil service.  *See* 5 U.S.C. §§ 2102, 2103.  The United States Supreme Court
> confirmed that "competitive service" and "excepted service" are categories within
> the civil service.  *See Elgin v. Dep't of Treasury*, 132 S.Ct. 2126, 2130 n.1 (2012)
> ("The CSRA divides civil service employees into three main categories . . . Senior
> Executive Service . . . Competitive service . . . excepted service.").  Plaintiff's
> argument that he is an excepted service employee is, therefore, a distinction
> without a difference because he is nonetheless a civil service employee.  *Id.*
> Accordingly, Plaintiff is a Title II employee and cannot establish subject matter
> jurisdiction for his FMLA claim.

(Def.'s Reply at 2-3).

The Court shall grant Defendant's Motion to Dismiss for lack of jurisdiction.  Again,

"Title II of the FMLA, 5 U.S.C. § 6381 *et seq.* governs leave for federal civil service employees

with more than twelve months of service; Title I, 29 U.S.C. § 2601 *et seq.*, governs leave for

private employees and federal employees not covered by Title II."  *Russell v. U.S. Dept. of the*

*Army*, 191 F.3d 1016, 1018 (9th Cir. 1999); *see also Sutherland, supra*, at * 2 ("Under the

8

FMLA and its implementing regulations, a federal employee with an appointment exceeding one year falls under Title II.").

Here, Plaintiff was a federal civil service employee with an appointment that exceeded one year. (*See* Offer and Appointment Affidavit pertaining to Plaintiff, D.E. No. 8-1; Pl.'s Compl. at ¶¶ 5-6, alleging that Plaintiff began work in 2002 and worked in that position for more than a year). Plaintiff is therefore covered under Title II. Because he is covered under Title II, Plaintiff may not bring a lawsuit based on FMLA violations. *Russell*, 191 F.3d at 1018-19; *Mann*, 120 F.3d at 37; *Cavicchi, supra,* at * 6; *Sutherland v. Bowles*, 1995 WL 367937 at * 2 (E.D. Mich., J. Cohn 1995).

### 3.     Waiver Of Sovereign Immunity

Plaintiff also asserts that "Defendant's provision of FMLA benefits to Plaintiff, along with its direct statement in its Final Agency Decision, 'You have a right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision . . .' appear to waive Defendant's assertion of sovereign immunity as to claims under the FMLA." (Pl.'s Br. at 2-3). Plaintiff provides no legal authority for his waiver argument.

The Court rejects Plaintiff's waiver argument.

To the extend that Plaintiff bases his waiver argument on Defendant having allowed Plaintiff to take FMLA leave, that argument is misplaced. As explained above, both Title I and Title II employees are afforded equivalent rights to leave time under the FMLA. The difference is that Title I employees can bring a lawsuit for a FMLA violation, whereas a Title II employee cannot. Thus, the fact that Plaintiff was allowed to take leave under the FMLA does not support a waiver argument.

Plaintiff's reliance on the final agency decision provided to Plaintiff is also misplaced. First, that final agency decision addressed both Title VII claims and claims under the Americans with Disabilities Act and those claims can be filed by Title II employees in federal district court.

Second, although that final agency decision also referenced some allegations as to the FMLA, Defendant still could not have waived sovereign immunity by virtue of sending that letter to Plaintiff. That is because, as explained by the Sixth Circuit:

> "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Munaco v. United States*, 522 F.3d 651, 652-53 (6th Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)). In other words, "[t]he United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983). Sovereign immunity "extends to agencies of the United States" or "federal officers [acting] in their official capacities. *Whittle v. United States*, 7 F.3d 1250, 1262 (6th Cir. 1993); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). A waiver of sovereign immunity may not be implied and exists only when Congress has expressly waived immunity by statute. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992).

*Muniz v. United States Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013).

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED and this action is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 3, 2017

10

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 3, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy_____
Case Manager